# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent,<br><br>v.<br><br>WENCESLAO CRUZ-OCHOA,<br><br>                Defendant-Petitioner. | CASE NO. 1:14-CR-00242-LJO-SKO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(ECF No. 24) |

      Before the Court is Petitioner Wenceslao Cruz-Ochoa's ("Petitioner" or "Defendant") motion to reduce his sentence under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses (ECF No. 24). Subsequent to the Court's referral order (ECF No. 25), the Federal Defender's Office filed a timely notice declining to supplement the motion. *See* ECF No. 28. The Government opposes the motion on the basis that the Petitioner is not eligible for a reduction under § 1B1.10 because Petitioner was sentenced according to the revised sentencing guidelines. *See* ECF No. 26. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

**I.  BACKGROUND**

In a single-count indictment, Defendant Cruz Ochoa was charged with Possession with Intent to Distribute Methamphetamine, a violation of: 21 U.S.C. §§ 841(a)(1). *See* ECF No. 9. On June 1, 2015, Petitioner signed a conditional plea agreement with the government under Rule 11(c)(1)(C), in which the government agreed that it: (1) "will not oppose [an acceptance of responsibility] reduction [pursuant to 3E1.1]"; (2) would "recommend that the defendant be characterized as a "minor participant" within the meaning of 3B1.2(b)," and is thus "entitled to a two level reduction, … [and] further reductions pursuant to 2D1.1(a)(5)"; and, (3) "will recommend that the defendant be sentenced to the low end of the applicable guideline range as determined by the Court." ECF No. 15, ¶ 5(a-c). On June 15, 2015, the Court held a change of plea hearing at which Defendant pleaded guilty to the single-count indictment: Possession with Intent to Distribute Methamphetamine, a violation of: 21 U.S.C. §§ 841(a)(1). *See* ECF Nos. 15, 16.

Pursuant to §2D1.1(c)(3), the Court found that the Defendant's base offense level was 34 (based on the amount of methamphetamine involved in the case), *see* ECF No. 21, PSR ¶ 10, and his criminal history was category I (based on 0criminal history points). PSR ¶¶ 24-25. However, because the defendant received an adjustment for his mitigating role and the base offense level was 34-36, the PSR found that, pursuant to 2D1.1(a)(5), a three-level reduction was warranted, for an adjusted offense level of 31. PSR ¶ 11. The PSR recommended a two-level decrease for his minor role in the offense, to an adjusted offense level of 29. PSR ¶ 14. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 26. PSR ¶¶ 18-19. The Guidelines range for a defendant with a total offense level of 26 and a criminal history category I was 63-78 months. PSR at 3 & 12; *see* U.S.S.G. Ch. 5, Pt. A. Therefore, the PSR recommended imposing a sentence of 63 months. *See* PSR at 3, 12-13.

At sentencing on October 5, 2015, the Court accepted the PSR but exercised a downward departure and imposed a 50-month sentence for Count One; 36 months supervised release; and a $100 special assessment. *See* ECF Nos. 22 & 23.

//

//

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed."' *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.").

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

## III. DISCUSSION

Petitioner requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). *See* ECF No. 24. The initial inquiry of whether a petitioner is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the

3

Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Generally, when reviewing a §3582 motion the Court compares the original sentence imposed under the original guideline range to that which the petitioner would receive under the amended guideline range. If, however, a petitioner was sentenced under the already-revised Guidelines, he is not eligible for a sentence reduction under § 3582(c). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *see also United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015). Here, although he is incorrect about the exact date, Petitioner acknowledges that he was sentenced in 2015. *See* ECF No. 24, ¶ 1 ("On September 14, 2015 [] Defendant, Wenceslao Cruz Ochoa was sentenced by this court …"). In the PSR, Probation specifically noted that it used "[t]he 2014 Guidelines Manual, incorporating all guideline amendments" to determine Cruz-Ochoa's offense level. PSR ¶ 9. Because Amendment 782 was incorporated into the November 1, 2014 version of the Sentencing Guidelines that were used in computing Petitioner's Guideline range when he was sentenced on October 5, 2015, Petitioner has already benefited from the Amendment. *See* ECF Nos. 21-23.

In sum, applying the Amendment in a case where it has already been applied is redundant. The Court does not have the authority to modify Petitioner's sentence where applying the Amendment does not have the effect of lowering Petitioner's Guideline range. *See* § 1B1.10 (a)(2)(B).The answer at step one is that Petitioner is not eligible for a sentence reduction. *See* Amendment 782, § 1B1.10; *see Paulk*, 569 F.3d at 1096.

To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is that a petitioner is ineligible, the court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

4

## IV. CONCLUSION AND ORDER

The Court concludes that Petitioner has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding petitioner ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Cruz-Ochoa's motion to reduce his sentence (ECF No. 24) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Petitioner and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: **September 15, 2016**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE